THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| INSURANCE COMPANY OF THE WEST , | ) | Case No.2:11CV500 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| WALLACE INVESTMENT LIMITED PARTNERSHIP; WILLIAM DEAN WALLACE;DEANNE H. WALLACE; WILLIAM DEAN WALLACE, AS TRUSTEE OF THE WILLIAM DEAN WALLACE REVOCABLE TRUST DATED 1/28/94; LONE PEAK DEVELOPMENT PARTNERS, LLC; LEGACY INVESTMENT GROUP, LLC; BP BUILDERS, INC.; GLADE BENTON TUCKETT; MARIELLEN PYPER TUCKETT; STEVE EZELL; SHARON EZELL; JARED L. BISHOP; and ANDREA BISHOP, | )  )  )  )  )  )  )  )  ) | MEMORANDUM DECISION |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff INSURANCE COMPANY OF THE WEST ("ICW") seeks partial summary judgment for breach of contract against Defendants WALLACE INVESTMENT LIMITED PARTNERSHIP; WILLIAM DEAN WALLACE; DEANNE H. WALLACE; WILLIAM DEAN WALLACE, AS TRUSTEE OF THE WILLIAM DEAN WALLACE REVOCABLE TRUST DATED 1/28/94 (collectively, "Wallace Defendants"); LONE PEAK DEVELOPMENT PARTNERS, LLC; LEGACY INVESTMENT GROUP, LLC; BP BUILDERS, INC.; GLADE BENTON TUCKETT; MARIELLEN PYPER TUCKETT; STEVE EZELL; SHARON EZELL;JARED L. BISHOP;

and ANDREA BISHOP (collectively, "Lone Peak Defendants") pursuant
to Rule 56 of the Federal Rules of Civil Procedure.[1]

BACKGROUND

This action arises out of a failed subdivision improvement
project near Heber, Utah. Wasatch County required Wallace
Defendants, as developer, to provide two performance bonds
guaranteeing completion of the project, which Wallace Defendants
obtained from ICW. To obtain the bonds, both Wallace Defendants
and Lone Peak Defendants entered into an Indemnity Agreement with
ICW, wherein both defendants agreed to indemnify ICW against any
and all liability for losses and expenses by reason of having
executed the bonds.

Wasatch County made demand on ICW to complete the
improvements or remit the bond proceeds. ICW notified all
defendants of Wasatch County's demand on the bonds and requested
that defendants indemnify ICW against the claims, but defendants
failed to indemnify or provide any collateral to ICW. ICW then
began investigating the claim on the bonds, including assessing
the scope of the work to complete the improvements. Wasatch
County again made demand upon ICW to complete performance of the
improvements or remit payment. ICW settled the claims on the

_____

[1]The Court was advised by counsel for plaintiff on August 26,
2013 that a settlement agreement had been reached between plaintiff
and the Wallace Defendants.  Accordingly, this memorandum decision
will address plaintiff's claims against the Lone Peak Defendants
only.

bonds and paid Wasatch County $180,000 for full release of the county's claims against ICW on the bonds. ICW again requested that defendants propose how they would reimburse ICW for its losses and expenses on the bonds, and, yet again all defendants failed to reply or make payment.

As a condition of providing the bonds, ICW required that Wallace Defendants' lender, Centennial Bank, sign an agreement with ICW to set aside sufficient funds for the costs of the improvements (Set Aside Agreement), which funds were to be made immediately available to ICW in the event Wallace Defendants failed to complete and pay for the improvements. ICW sought to obtain the funds covered by the Set Aside Agreement from FDIC, Receiver for Centennial Bank. FDIC did not turn over any funds to ICW, and, subsequently, ICW commenced action against FDIC, which action is still pending. ICW is now seeking judgement against Lone Peak Defendants to directly recover the $180,000 as well as all attorney fees and expenses incurred as a result of seeking to enforce the Set Aside Agreement and the Indemnity Agreement. Plaintiff claims expenses totaling $339,135.94.

<u>ANALYSIS</u>

Plaintiff moves for partial summary judgment for breach of contract pursuant to Rule 56 of the Federal Rules of Civil Procedure. Lone Peak Defendants dispute liability based on alleged promises made by ICW's representative, David Styers

("Styers"). Lone Peak Defendants argue they relied on Styer's alleged representations that in exchange for full cooperation with ICW, ICW would forego enforcement of the Indemnity Agreement against Lone Peak. Lone Peak Defendants dispute liability for the fees in excess of the $180,000 ICW paid to Wasatch County. They argue Plaintiff does not have a basis to recover attorney fees and expenses based on enforcement of the Set Aside Agreement and that Plaintiff's attorney fees were not reasonable.

Summary judgment is appropriate "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial." *Sally Beauty Co., v. Beautyco. Inc.,* 304 F.3d 964, 971 (10th Cir. 2002.) The Court construes "the evidence and the reasonable inferences drawn therefrom in light most favorable to the nonmovant." *Id.* At 972.

"The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking

recovery, (3) breach of the contract by the other party, and (4) damages." *Bair v Axiom Design*, 20 P.3d 388, 392 (Utah 1934).

There is no material dispute as to the first element because Lone Peak Defendants admit they entered into the Indemnity Agreement with ICW.

There is no material dispute as to the second element because, even in viewing "the evidence and the reasonable inferences in light most favorable" to Lone Peak Defendants, the Court cannot find that there was a valid modification of the Indemnity Agreement. *Sally Beauty Co.* 304 F.3d at 971. The Indemnity Agreement expressly states that any modification must be a written amendment signed by ICW. Even though there is a well-established rule that allows parties to a written contract to "modify, waive, or make new terms notwithstanding terms in the contract designed to hamper such freedom," Lone Peak Defendants are required to establish that there was a valid modification. *Davis v. Payne & Day, Inc.*, 348 P.2d 337, 339 (Utah 1960). A valid modification of a contract "requires a meeting of the minds of the parties, which must be spelled out, either expressly or impliedly, with sufficient definiteness." *Richard Barton Enters. v. Tsern,* 928 P.2d 368, 373 (Utah 1996). Lone Peak Defendants have not met their burden of "proving by clear and convincing evidence an intent to so modify the agreement," and their argument for oral modification fails for indefiniteness. *EDO*

*Corp. v. Beech Aircraft Corp.*, 911 F.2d 1447, 1454 (10th Cir. 1990). Thus, the court finds that ICW performed its obligations under the written terms of the Indemnity Agreement by delivering the two performance bonds.

Furthermore, there is no material dispute as to the third element that Lone Peak Defendants breached the contract by failing to indemnify and provide collateral to ICW pursuant to Sections 1 and 2 of the Indemnity Agreement.

Finally, there is no material dispute as to the fourth element of damages. Lone Peak does not dispute that ICW has in fact suffered damages, rather they dispute that ICW has sufficiently established the amount of damages. Lone Peak fails on this argument because plaintiff is entitled to damages incurred in the Set Aside Agreement. The court finds it is reasonable to infer that Plaintiff reasonably believed "that it was liable for the amount paid or that it was expedient under all the circumstances to make such payment" pursuant to Section 1 of the Indemnity Agreement, and that subsequently, ICW has provided a reasonable estimate of the amount of damages it has incurred. Therefore, the Court grants partial summary judgment for breach of the Indemnity Agreement against Lone Peak Defendants, with the exact amount of damages to be determined at a later date.

<u>CONCLUSION</u>

Based upon the foregoing, the Court grants partial summary judgment for breach of contract against Lone Peak Defendants and concludes that Plaintiff is entitled to reasonable damages. Plaintiff is ordered to provide a detailed account of the losses and expenses it has incurred in enforcing the Set Aside Agreement and the Indemnity Agreement to assist the court in calculating the exact amount of damages. The parties are hereby ordered to contact the court within ten (10) days from the date of this order to establish the schedule for plaintiff's disclosures.

SO ORDERED.

DATED this 29th day of August, 2013.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT