THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, | Case No.2:11CV500 DS |
| Plaintiff, | |
| vs. | |
| WALLACE INVESTMENT LIMITED PARTNERSHIP; WILLIAM DEAN WALLACE;DEANNE H. WALLACE; WILLIAM DEAN WALLACE, AS TRUSTEE OF THE WILLIAM DEAN WALLACE REVOCABLE TRUST DATED 1/28/94; LONE PEAK DEVELOPMENT PARTNERS, LLC; LEGACY INVESTMENT GROUP, LLC; BP BUILDERS, INC.; GLADE BENTON TUCKETT; MARIELLEN PYPER TUCKETT; STEVE EZELL; SHARON EZELL; JARED L. BISHOP; and ANDREA BISHOP, | MEMORANDUM DECISION |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff INSURANCE COMPANY OF THE WEST ("ICW") sought partial summary judgment for breach of contract against Defendants WALLACE INVESTMENT LIMITED PARTNERSHIP; WILLIAM DEAN WALLACE; DEANNE H. WALLACE; WILLIAM DEAN WALLACE, AS TRUSTEE OF THE WILLIAM DEAN WALLACE REVOCABLE TRUST DATED 1/28/94 (collectively, "Wallace Defendants"); LONE PEAK DEVELOPMENT PARTNERS, LLC; LEGACY INVESTMENT GROUP, LLC; BP BUILDERS, INC.; GLADE BENTON TUCKETT; MARIELLEN PYPER TUCKETT; STEVE EZELL; SHARON EZELL; JARED L. BISHOP; and ANDREA BISHOP (collectively, "Lone Peak Defendants") pursuant to Rule 56 of the Federal Rules of Civil Procedure. This

court issued a Memorandum Decision dated August 29, 2013 ("Memorandum Decision") granting plaintiff's motion for summary judgment against the Lone Peak Defendants. The Lone Peak defendants have asked the court to reconsider its decision pursuant to Fed.R.Civ.P 54(b).

As an initial matter, the court indicated in the Memorandum Decision that it was advised by counsel for plaintiff on August 26, 2013, just days before the court issued the decision, that a settlement agreement had been reached between plaintiff and the Wallace Defendants. Accordingly, by its own statement the Memorandum Decision addressed plaintiff's claims against the Lone Peak Defendants only. Nevertheless, defendants correctly note that the introductory statement included reference to Steve Ezell, Sharon Ezell, and EZL Properties, LLC (the "Ezell Defendants")and ask the court for clarification regarding the Memorandum Decision's application to the Ezell Defendants. There is no dispute that the claims against the Ezell Defendants were dismissed without prejudice by court order dated July 8, 2013. Thus, the court's Memorandum Decision has no application to the Ezell Defendants and the July 8, 2013 order of partial dismissal without prejudice stands. Hereafter, when the court refers to the Lone Peak Defendants that designation does not include the Ezell Defendants.

The motion to reconsider also asks the court to clarify or reinforce that any judgment against the Lone Peak Defendants must

2

account for amounts paid by the Wallace Defendants. The Lone Peak Defendants correctly cite the principle that a party is not entitled to recover the same damages multiple times. *See FDIC v. United Pac. Ins. Co.,* 20 F.3d 1070, 1082-83 (10th Cir. 1994). The court's Memorandum Decision expressly states, "Plaintiff is ordered to provide a detailed account of the losses and expenses it has incurred in enforcing the Set Aside Agreement and the Indemnity Agreement to assist the court in calculating the exact amount of damages." Memorandum Decision at 7. The court's purposes in requiring this accounting is to ensure that plaintiff ICW will not recover the same damages multiple times. Any further clarification of how the amounts paid by the Wallace Defendants affect the amounts owed by the Lone Peak Defendants will be addressed in the accounting/damages phase.

Next, the court turns to Lone Peak Defendants' arguments regarding three asserted legal defenses: contract modification, estoppel, and waiver. The court concluded in the Memorandum Decision that there was no contract modification.

> A valid modification of a contract "requires a meeting of the minds of the parties, which must be spelled out, either expressly or impliedly, with sufficient definiteness." *Richard Barton Enters. v. Tsern,* 928 P.2d 368, 373 (Utah 1996). Lone Peak Defendants have not met their burden of "proving by clear and convincing evidence an intent to so modify the agreement," and their argument for oral modification fails for indefiniteness. *EDO Corp. v. Beech Aircraft Corp.*, 911 F.2d 1447, 1454 (10th Cir. 1990).

Memorandum Decision at 5-6. Lone Peak Defendants have not requested the court reconsider this conclusion so the court will turn to the theories of estoppel and waiver.

In the opposition to ICW's motion for partial summary judgment, Lone Peak Defendants asserted "promissory estoppel has been extended, in a limited form, to those cases concerned with the statute of frauds, where the promise as to future conduct constitutes the intended abandonment of an existing right of the promissory." *Fericks v. Lucy Ann Soffe Trust*, 2004 UT 85, ¶ 14, 100 P.3d 1200 (citation omitted)." Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment at 14 ("Memo in Opp."). The court finds defendants' estoppel argument fails. *Home Indem. Co. v. Wachter*, 115 A.D.2d 590 (N.Y. App. Div. 1985), is instructive. In that case, the court rejected the indemnitors' argument that "the surety should be equitably estopped from enforcing the [indemnity] agreement because the indemnitors were induced by the surety's attorney into believing that the surety would not seek indemnification." *Id.* at 591. The trial court's grant of summary judgment in favor of the surety was upheld by the appellate court.

As in *Home Indem. Co.*, Lone Peak Defendants have failed to show justifiable reliance or substantial prejudice. Accepting the material facts as presented by the parties, the court cannot find that Lone Peak Defendants' reliance on the alleged oral

4

representation by Mr. Styers was justified given the following: Section 19 of the Indemnity Agreement required modifications to be in writing, signed by the surety; Mr. Styers said he "could not put anything in writing" (Hartmann Decl. ¶ 9; Hejny Agreement ¶ 9); and the only written communication Lone Peak Defendants received from Mr. Styers advised them, "I am not in a position to release any of you of your obligations under the GIA and we reserve all rights therein." And as further stated by plaintiff in its briefing "[n]or can defendants show substantial prejudice by citing all the efforts they made to cooperate with ICW in the investigation and resolution of Wasatch County's claims on the Bonds, because they had the duty to cooperate." Reply Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment (Responding to Opposition Memorandum of Lone Peak Defendants) at 9.

In *United Park City Mines Co. v. Stichting Mayflower Mt. Fonds*, 2006 UT 35, 22, cited by defendants (Opp. Memo p. 16), the court stated, "Questions of waiver often hinge on the critical third element of intent. We have explained that the intent to relinquish a right must be distinct and that fact-finders should 'look[] at the totality of the circumstances' in discerning intent," citing *In re Flake*, 2003 UT 17, 30. A waiver "must be distinctly made, although it may be express or implied." *Flake*, P 29 (citations omitted). "Waiver of a contractual right occurs when a party to a contract intentionally acts in a manner inconsistent with its contractual

5

rights, and, as a result, prejudice accrues to the opposing party or parties to the contract." Id. P 31.

In this case, the totality of the circumstances includes Mr. Styers's written advice that "I am not in a position to release any of you" and the fact that even defendants' own account of the terms of the alleged waiver are inconsistent and indefinite, and therefore not "distinctly made." Nor did ICW act in a manner inconsistent with its rights under the Indemnity Agreement. Its rights included obtaining the cooperation of the indemnitors, including obtaining financial statements. Indemnity Agreement section 16. Defendants were not prejudiced by ICW's actions because all of their actions fulfilled their duties under the Indemnity Agreement and served their own interest in limiting their liability.

Finally, the Lone Peak Defendants argue that the court misapprehended ICW's expenses incurred in connection with the Set Aside Agreement. Lone Peak Defendants argue that the Indemnity Agreement only required payment of "all liability for losses and expenses of whatsoever kind or nature, including attorney fees and costs, by reason of having executed or procured the execution of Bonds," which, they assert, does not include costs incurred by ICW in enforcing the Set Aside Agreement. Motion to Reconsider at 6. The court finds the language of the Indemnity Agreement unambiguous when it states that the bargained-for indemnification included "all liability for losses and expenses of whatsoever kind or nature,

6

including attorney fees and costs, . . . by reason of the failure of the Principal or Indemnitors to perform or comply with the covenants and conditions of this Agreement." Indemnity Agreement at 1. Specifically included as "loss[es] or expense[s] covered by th[e] indemnity" are "any claim[s], demand[s], suit[s], judgment[s], or expense[s] arising out of the Bonds, and any such payment or compromise . . . expedient under all the circumstances. . . ." Id. The court finds that the attorney fees incurred in enforcing the Set Aside Agreement are expenses incurred "by reason of the failure of the Principal or Indemnitors to perform or comply with the covenants and condition of th[e Indemnity] Agreement." Furthermore, these were expenses expedient under all the circumstances. The court did not misapprehend the liability of the Lone Peak Defendants in connection with the expenses incurred in enforcing the Set Aside Agreement.

CONCLUSION

The court hereby AFFIRMS the previous decision entered on August 29, 2013 with the clarification, as noted above, that the Ezell Defendants are not bound by the prior decision. This decision supplements the August 29, 2013 Memorandum Decision with the above analysis.

SO ORDERED.

DATED this 17th day of October, 2013.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT