THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

INSURANCE COMPANY OF THE WEST,

|  |  |  |
|---|---|---|
| | ) | Case No.2:11CV500 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| WALLACE INVESTMENT LIMITED PARTNERSHIP; WILLIAM DEAN WALLACE;DEANNE H. WALLACE; | ) | |
| WILLIAM DEAN WALLACE, AS TRUSTEE OF THE WILLIAM DEAN WALLACE REVOCABLE TRUST DATED | ) | ORDER |
| 1/28/94; LONE PEAK DEVELOPMENT PARTNERS, LLC; LEGACY INVESTMENT GROUP, LLC; BP BUILDERS, INC.; | ) | |
| GLADE BENTON TUCKETT; MARIELLEN PYPER TUCKETT; STEVE EZELL; | ) | |
| SHARON EZELL; JARED L. BISHOP; and ANDREA BISHOP, | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff INSURANCE COMPANY OF THE WEST ("ICW") sought partial summary judgment for breach of contract against Defendants WALLACE INVESTMENT LIMITED PARTNERSHIP; WILLIAM DEAN WALLACE; DEANNE H. WALLACE; WILLIAM DEAN WALLACE, AS TRUSTEE OF THE WILLIAM DEAN WALLACE REVOCABLE TRUST DATED 1/28/94 (collectively, "Wallace Defendants"); LONE PEAK DEVELOPMENT PARTNERS, LLC; LEGACY INVESTMENT GROUP, LLC; BP BUILDERS, INC.; GLADE BENTON TUCKETT; MARIELLEN PYPER TUCKETT; JARED L. BISHOP and ANDREA BISHOP(collectively, "Lone Peak Defendants"); and STEVE EZELL; SHARON EZELL pursuant

to Rule 56 of the Federal Rules of Civil Procedure. This court issued a Memorandum Decision dated August 29, 2013 ("Memorandum Decision") granting plaintiff's motion for summary judgment against the Lone Peak Defendants.  The Lone Peak defendants asked the court to reconsider its decision pursuant to Fed.R.Civ.P 54(b)which the court denied by Memorandum Decision dated October 17, 2013 ("Reconsider Mem. Dec.").  In ruling on the motion to reconsider, the court reaffirmed its decision that any judgment against the Lone Peak Defendants must account for amounts paid by the Wallace Defendants. In addition, the court once again addressed the Lone Peak Defendants' argument that the Indemnity Agreement only required payment of "all liability for losses and expenses of whatsoever kind or nature, including attorney fees and costs, by reason of having executed or procured the execution of Bonds," and therefore did not include costs incurred by ICW in enforcing the Set Aside Agreement. Motion to Reconsider at 6. In its ruling on the motion to reconsider, the court found "the language of the Indemnity Agreement [is] unambiguous when it states that the bargained-for indemnification included "all liability for losses and expenses of whatsoever kind or nature, including attorney fees and costs, . . . by reason of the failure of the Principal or Indemnitors to perform or comply with the covenants and conditions of this Agreement." Reconsider Mem. Dec. at 6-7, *citing* Indemnity Agreement at 1. As the court stated therein, "[s]pecifically included as "loss[es] or expense[s] covered by th[e] indemnity" are "any claim[s], demand[s], suit[s], judgment[s], or expense[s] arising out of the Bonds, and any such payment or compromise . . . expedient under all the circumstances. . . ." Id.  The court has clearly found that the attorney fees incurred in enforcing the Set Aside Agreement are expenses incurred "by reason of the failure of the Principal or Indemnitors to perform or comply with the covenants and condition of th[e Indemnity] Agreement. Furthermore, these were expenses expedient under all the circumstances. And

ICW is correct in arguing that the court's finding on this issue is the law of the case and controls determination of the fees/costs/losses now under review.

Accordingly, the court begins by acknowledging Lone Peak Defendants' acceptance of the $188,324.35 loss figure. That amount is established.

The court finds the applicable standard for review of the remaining fees/costs/losses is set by the Indemnity Agreement.  Section 1 of the Indemnity Agreement provides in relevant part:

> The surety may pay or compromise any claim, demand, suit, judgment, or expense arising out of the Bonds, and any such payment or compromise made by Surety in the reasonable belief that it was liable for the amount paid or that it was expedient under all the circumstances to make such payment or compromise, shall be binding upon the Undersigned as a loss or expense covered by this indemnity, whether or not such liability actually existed. An itemized statement of the payment or compromise, sworn to by an officer of the Surety, or the voucher or vouchers or other evidence of the payment or compromise, shall be prima facie evidence of the fact and the amount of the liability of the Undersigned under this Agreement.

Furthermore, the court finds the reasoning of *United Pacific Insurance Company v. Knudsen Const., Inc.,* No. 2:97CV235C, 2001 WL 693997 (D. Utah May 6, 2001) (unpublished (attached to plaintiff's  Reply) persuasive. *United Pacific* involved an indemnity agreement for attorney fees and addressed the question "whether the agreement is binding on its own terms or whether it has an implied element of reasonableness requiring that UP must not only submit an accounting of fees it demands from Knudsen, but also ensure that the submitted fees are reasonable; . . ." *Id.* at 2. This court adopts the reasoning and conclusion of *United Pacific* and finds that absent allegations of bad faith or fraud by ICW, there is no general implied requirement of reasonableness regarding the claimed fees  and expenses claimed by plaintiff.  Instead, the Indemnity Agreement means what is says and the parties are bound by its terms.

The only "reasonableness" requirement applicable to the plaintiff's recovery of attorney fees is set by Section 21 of the Indemnity Agreement, which provides:

> 21. ATTORNEY FEES. If the Surety commences any action or proceeding, including arbitration against the Undersigned, or any of them, by reason of any breach or claimed breach of any provision of this Agreement, the prevailing party in such action or proceeding shall be entitled to recover from the other party or parties its reasonable attorney fees and witness fees, and all other costs, whether or not the action or proceeding results in a judgment, and shall be entitled to recover its costs and attorney fees incurred in and enforcing any judgment obtained.

ICW has satisfied the standard of the Indemnity Agreement by providing the itemized statements that are part of the record of this case, the sworn statements of Susan Karlan, and the other declarations provided in support of the briefing in connection with the Plaintiff's Detailed Account of Losses and Expenses. The Lone Peak Defendants have not alleged bad faith or fraud by ICW. ICW has provided evidence and persuasive argument to the court establishing that the work performed and the fees charged were reasonable under the circumstances of this case. The Lone Peak Defendants provided no evidence, except their conclusory statements, to the contrary. While the parties spent considerable time in their briefs addressing hours spent drafting complaints, etc. and detailing expenses incurred for meals and the like, the court does not find it expedient or necessary to address those arguments in detail.

Accordingly, having considered the Detailed Account, the parties' arguments contained in the briefs including the Lone Peak Defendants' objections, and adopting the reasoning of *United Pacific,* the court awards $270,913.58 which represents the fees/costs/losses as detailed by ICW less the amount paid by the Wallace Defendants.


SO ORDERED.


DATED this 30th day of December, 2013.


BY THE COURT:


_____

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT